Dr. Alex Melvin Wade, Jr.
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas
77705-7638

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 07 2015

Abel Acosta, Clerk

November 30th, 2015

The Honorable Abel Acosta,
Clerk
Texas Court of Criminal Appeals
P.O. Box 12308
Capitol Station
Austin, Texas 78711-2308

      Ref. Cause No.; WR-65,555-20; Ex parte Alex Melvin Wade, Jr.
      (Letter making correction of filing)

Dear Mr. Acosta:
Enclosed please find a corrected page 4 of "Applicant's proposed findings of
fact, Conclusions of law and Order and page five (5) Applicant Alex Melvin
Wade, Jr.,'s Strenuously object in this his Response to State's Original Answer
November 5th 2015." Applicant filing contain errors that may affect the
decision of the Court and Applicant request the same be inserted and or made
to the attention of the court upon submission of the corrected pages 4 &5.

I have by copy of this letter forwarded to the Office of Chris Daniel, Clerk
of Harris County, Texas District Courts copies of the same enclosed documents
to be made filed and forwarded to this Court where the record, as incomplete
as it is will be amended showing the correction made herein. I have also sent
a copy of this letter to the Office of the Honorable Devon Anderson, District
Attorney, Harris County, Texas 1201 Franklin Street, 6th Fl., Houston, Texas
77002.

Thank you very kindly for your attention in the handling of this matter.

I hope some favorable action is taken in the request made herein.

I patiently await your reply.

Sincerely,

Dr. Alex Melvin Wade, Jr.
Paralegal Specialist/Pro Se

cc:
    enc.

in light of new evidence, "it is more likely than not that no reasonable juror would have found him Applicant guilty beyond a reasoanble doubt." See, Bell v. House, 126 S.Ct. 2064, 2076-77(2008)

This Court has considered the rationale of McQuiggin v. Perkins,, 133 S.Ct. 1924(2013), Applicant's evidence, new discovered and relevant evidence attached to pleading filed by applicant in the clerk's office, possess a strong showing of "actual innocence." Applicant applications contain substantive claims in support of the actual innocence, one in specific, ineffective assistance of trial counsel and prosecutional misconduct.

## RECOMMENDATION FOR EVIDENTIARY HEARING

Applicant's filing attached with evidence supporting his claims and this Court is of the opinion and it recommend the Court of Criminal Appeals issue its Order for an evidentiary hearing on applicant unresolved claims as acknowledge by the State's Motion Designating Issue filed by the Office of Devon Anderson District ASttorney for Harris County, Texas, via, Andrew Smith, Assistant District Attorney filed on March 11th, 2014 some 19 months ago. See, Ex Parte Elizondo, 947 SW. 2d 202, 211 (Tex.Crim.App.1996).

## ORDER

THE CLERK IS ORDER to prepare an amended transcipt of all papers filed in cause number 1222385-D, and transmit same to the Court of Appeals as provided by Tex. Code Crim. Proc. Ann. art 11.07(West 2013) The amended transcipt shall include certified copies of the following documents:

1. The State's Motion Requesting Designation of issue and a filed stamped filing signed by this Court;

2. Applicant's filing labeled as Exhibits in the Clerk's Record online

-4-

1. Applicant Alex Melvin Wade, Jr.,'s memorandum brief on unresoled issue whether the Applicant received ineffective assistance of counsel in the primary case. filed on or about May 18th, 2015

2. Applicant Alex Melvin Wade, Jr., Petition and Application for Release on Personal Recognizance Bond and/or Setting of Resonable Surety Bail pending finality of State's Writ of Habeas Corpus. Certificate of Service dates 06/18/15

3. Applicant Alex Melvin Wade, Jr.,'s Amended Memorandum in Support of the Unresolved claim of ineffective assistance of counsel and sufficiency of the evidence in the primary case, with Jury instruction attached CR-00122-00124 and Jury's note CR-00132

4. Applicant Memorandum brief in support of grant of habeas corpus bail pending finality of review by the Court of Criminal Appeals.

5. Applicant's memorandum in support of unresolved issue # five(5), whether the State allowed perjuried evidence and false testimony in the primary case. Dated March 20th, 2014

6. Applicant's Memorandum Brief regarding suppression of impeachment evidence by prosecution authorities that was favorable to applicant. Certificate undated

7. Applicant's Alex Melvin Wade, Jr., memorandum brief on unresolved issue whether the state committed a Brady violation in the primary case. These pleading reference the Clerk's Record in support of the argument. Dated April 3rd, 2014.

Applicant's list go on and on, but the State fails to acknowledge the above filing

that should and must be presented to the Court of Criminal Appeals in the

Writ Application review. To not prepare a correct habeas record for presenta-

tion to the Court of Appeals would be nothing less than deny him his due pro-

cess of law.

LEGAL ARGUMENT ON ISSUE OF ACTUAL INNOCENCE THAT ENTITLE HIM TO
AN EVIDENTIARY HEARING ON THE CLAIM OF ACTUAL INNOCENCE SUPPORTED

In light of McQuiggin v. Perkins, 133 S.Ct. 1924(2013)(citing Schlup

v. Delo, 513 U.S. 298(1995) provide the foundation that an applicant must

meet to support his actual innocence claim. Applicant allegation has hurdled

Ex Parte Richardson,70 S.W3d 865, 870(Tex.Crim. App. 2002); See also Ex Part

Adams, 768 S.W.2d 281(Tex. Criminal App. 1988), Applicant's evidence presented

in the writ filing of Applicant, State's knowingly used false evidence and

the State suppressed evidence favorable, which is exculpatory and impeachment

evidence. The suppressed evidence, the state knew existed and allowed it to

go uncorrected.

-5-